# U. S. District Court
## Western District of Arkansas (Harrison)
## CIVIL DOCKET FOR CASE #: 3:10−cv−03090−JLH
### *Internal Use Only*

| | |
|---|---|
| Stebbins v. Full Sail University | Date Filed: 09/27/2010 |
| Assigned to: Honorable Jimm Larry Hendren | Jury Demand: None |
| Cause: 42:12101 Americans with Disabilities Act of 1990 | Nature of Suit: 446 Civil Rights: Americans with Disabilities – Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**David Stebbins**  represented by  **David Stebbins**
1407 N Spring Road
Apt #5
Fayetteville, AR 72601
PRO SE

V.

**Defendant**

**Full Sail University**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/27/2010 | 1 | | COMPLAINT against Full Sail University, filed by David Stebbins.(lw) (Entered: 09/27/2010) |
| 09/27/2010 | 2 | | MOTION for Leave to Proceed in forma pauperis, MOTION for Service by David Stebbins. (lw) (Entered: 09/27/2010) |
| 09/27/2010 | | | MOTIONS REFERRED: 2 MOTION for Leave to Proceed in forma pauperis MOTION for Service. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 09/27/2010) |
| 09/27/2010 | 3 | 3 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis. The Plainntiff, Stebbins, is directed to notify the court as soon as his motions to transfer has been ruled on by the Middle District of Florida. Signed by Honorable James R. Marschewski on September 27, 2010. (lw) (Entered: 09/27/2010) |
| 10/07/2010 | 4 | | MOTION for Reconsideration by David Stebbins. (rw) (Entered: 10/07/2010) |
| 12/13/2010 | 5 | 5 | ORDER denying as moot 4 , Motion for Reconsideration. Signed by Honorable Jimm Larry Hendren on December 13, 2010. (sh) (Entered: 12/13/2010) |
| 12/21/2010 | 6 | 7 | NOTICE OF APPEAL as to 5 Order on Motion for Reconsideration by David Stebbins. (cc via U.S. Postal Service: David A. Stebbins ) (lw) (Entered: 12/21/2010) |
| 12/21/2010 | 7 | 10 | |

|  |  |  | MEMORANDUM BRIEF in Support of 6 Notice of Appeal by David Stebbins. (Attachments: # 1 IFP)(lw) (Entered: 12/21/2010) |
| --- | --- | --- | --- |
| 12/21/2010 | 8 |  | APPEAL NOTICE to Counsel and Pro Se Parties re 6 Notice of Appeal filed by David Stebbins. (lw) (Entered: 12/21/2010) |
| 12/21/2010 | 9 | 18 | NOA SUPPLEMENT FORM re 6 Notice of Appeal filed by David Stebbins. (lw) (Entered: 12/21/2010) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                              PLAINTIFF
      v.                         Civil No. 10- 3090

FULL SAIL UNIVERSITY                                DEFENDANT

## ORDER

David A. Stebbins, a resident of Harrison, Arkansas, submitted this *pro se* action for filing. The Clerk is directed to file the complaint and application to proceed *in forma pauperis* (IFP).

Plaintiff contends Full Sail University has violated the provisions of Title III of the Americans with Disabilities Act as well as section 504 of the Rehabilitation Act. He maintains Full Sail University failed to make reasonable modifications in it's policies despite the fact that he has Asperger Syndrome. He asserts his disability makes him tactless and prone to anger outbursts. As a result, he alleges Full Sail University employees have refused to speak with him on several occasions. He also maintains they have insisted he provide medical documentation before he can enroll.

On August 4, 2010, Stebbins filed a similar action against Full Sail University. *Stebbins v. Full Sail University*, Civil No. 10-3072. The case was transferred to the Middle District of Florida because venue was appropriate there. Stebbins has filed a motion in the Florida case asking that it be transferred back to this district.

AO72A
(Rev. 8/82)

DEC 21 2010

Appellate Case: 11-1017    Page: 3    Date Filed: 01/04/2011 Entry ID: 3741145

Stebbins maintains it was an error to transfer Civil No. 10-3072 to Florida. He asserts that personal jurisdiction over the defendant exists in this court. In making this argument, Stebbins is confusing the concepts of personal jurisdiction and venue. Civil No. 10-3072 was transferred because venue was appropriate in the Middle District of Florida not because this court lacked personal jurisdiction over the defendant. No analysis of defendant's contacts with this forum was made as is required to determine if this court has personal jurisdiction over the defendant.

This case will be filed and the court will wait until Stebbins' motion to transfer has been ruled on in *Stebbins v. Full Sail University*, Civil No. 6:10-cv-1165 to determine whether service should be ordered on the defendant. Stebbins is directed to notify the court as soon as his motion to transfer has been ruled on by the Middle District of Florida. The motion to proceed *in forma pauperis* is granted.

IT IS SO ORDERED this 27 day of September 2010.

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 27 2010

CHRIS R. JOHNSON, CLERK

BY          DEPUTY CLERK

/s/ Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)

DEC 21 2010
Appellate Case: 11-1017  Page: 4  Date Filed: 01/04/2011  Entry ID: 3741145

```
                  UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                        HARRISON DIVISION
```

DAVID A. STEBBINS                                             PLAINTIFF

vs.                       CASE NO. 10-3090

FULL SAIL UNIVERSITY                                          DEFENDANT

                                ORDER

   Now on this 13th day of December, 2010, the above referenced matter comes on for this Court's consideration of plaintiff's motion (document #4) which has been filed as a motion for reconsideration. The Court finds and orders as follows:

   1.   As Magistrate Judge Marschewski noted in his September 27, 2010 Order, plaintiff filed an action against Full Sail University on August 4, 2010, *Stebbins v. Full Sail University,* Civil No. 10-3072. That case was transferred to the Middle District of Florida because venue was appropriate there.

   2.   Stebbins has filed a motion in the Florida case asking that it be transferred back to this district.

   3.   The instant action maintains that it was error to transfer 10-3072 to Florida.  Judge Marschewski stayed this action in August, directing Stebbins to notify the Court as soon as his motion to transfer has been ruled on by the Middle District of Florida.  The instant motion, filed as a motion for reconsideration, continues to argue that venue is correct.

   4.   The Court finds that the instant motion should be, and hereby is, **denied as moot**, and again directs Stebbins to notify the Court as soon as his motion to transfer has been ruled on by the

DEC 21 2010  5
Appellate Case: 11-1017    Page: 5    Date Filed: 01/04/2011 Entry ID: 3741145

Middle District of Florida.

    IT IS SO ORDERED.

                                                /S/JIMM LARRY HENDREN  
                                                JIMM LARRY HENDREN  
                                                UNITED STATES DISTRICT JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
DEC 21 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                              PLAINTIFF

vs.                           Civ. No. 10-3090

FULL SAIL UNIVERSITY                                          DEFENDANTS

## NOTICE OF APPEAL

Comes now Plaintiff David Stebbins, who respectfully files the following notice of appeal.

I was discriminated against by Full Sail University, an online college which is headquartered in Winter Park, FL, which is located in the Orlando Metro Area, for failure to provide reasonable accommodations for my Asperger Syndrome, a neurological disability that makes me tactless and prone to anger. I filed suit in the Western District of Arkansas, believing that Full Sail, being an online college, had established minimum contacts in the Western District of Arkansas, via the Zippo Test. The Zippo Test states that, for Internet cases, the likelihood of minimum contacts is directly proportional to the amount of commercial activity being engaged in, over the Internet. Considering that I was signing up for a $54,000.00 online college course, that is a lot of commercial activity.

Despite this, the Honorable Jimm L. Hendren transferred the case to the Middle District of Florida, believing venue to be proper there. He claimed that I was confusing minimum contacts with venue. I researched the term "venue," and realized that I was, indeed, mistaken.

However, it did not change the fact that he erred in transferring the case. Since Full Sail University is owned by Full Sail, Inc., that makes it a corporation. A corporation has proper venue where ever it establishes minimum contracts.

DEC 21 2010   7
Appellate Case: 11-1017   Page: 7   Date Filed: 01/04/2011 Entry ID: 3741145

Therefore, for the purposes of this case, there is no difference between venue and personal jurisdiction. They are one in the same, in this case. In this case, the differences in their definitions are no greater than that of "lawyer" and "attorney."

I timely filed a motion to reconsider in the Western District of Arkansas, but the Honorable Judge Hendren denied the motion as moot.

Perhaps the motion should be denied, but it should not have been denied *as moot*. Venue is a very important legal issue.

Not only that, but Judge Hendren clearly erred in ruling that venue is improper in the Western District of Arkansas.

I do not know the date when this motion for reconsideration was denied as moot, as the date was not included in the order. However, I received the order on Wednesday, December 15, 2010. I am writing this motion on Friday, November 17, 2010. Therefore, my appeal is timely.

Wherefore, I respectfully pray that you reverse the Honorable Jimm Hendren's ruling, and rule that venue is proper in the Western District of Arkansas, and remand the case back to the District Court for further proceedings, compliant with that ruling.

It is so requested, on this 17th day of December, 2010.

Sincerely,

David Stebbins



UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                       PLAINTIFF

vs.                                        Civ. No. 10-3090

FULL SAIL UNIVERSITY                                                                DEFENDANTS

### BRIEF IN SUPPORT OF MOTION

Comes now Plaintiff David Stebbins, who submits the following brief in support of my appeal.

The Honorable Jimm L. Hendren erred in transferring the case to the Middle District of Florida, and in refusing to revoke his decision for improper venue, for the following reasons:

### Unambiguous statute

As Full Sail University is a corporation, owned by Full Sail, Inc., they establish proper venue wherever they establish personal jurisdiction. See 28 U.S.C. § 1391(c). The statute is unambiguous in this case.

### Personal jurisdiction is established

According to the Zippo Test, personal jurisdiction in Internet cases is based on a sliding scale of the amount of economic activity that took place over the Internet. I wish to reiterate, for emphasis, that I was signing up for an entire four-year college degree, valued at $54,000.00, over the Internet. How is that for "substantial economic activity?"

Therefore, whereas unambiguous statute states that venue for a corporation is established where ever they establish personal jurisdiction, and the Zippo Test establishes personal jurisdiction, that means that Full Sail, Inc. can be sued in the Western District of Arkansas, without proper venue.

**No proof of improper venue**

Improper venue is an absolute defense. See Fed. R. Civ. P. 12(b)(3). The Federal Rules of Civil Procedure explicitly state that "a party may assert the following **defenses** by motion." The word "defenses" is bold and underlined for emphasis. As a direct result, there is a presumption of proper venue in a case, and it is the burden of the defendants to prove otherwise. The Honorable Judge Hendren transferred the case on his own initiative, because he simply felt that there was no lack of venue, would undermine the the fact that improper venue is supposed to be an absolute defense. This amounts to nothing more than the Plaintiff having to prove that venue is proper, when it should be the other way around.

For this reason, the judge erred in even transferring the case, in the first place. It should have never been transferred, to begin with, because the defendants had not proven that venue was improper.

For the reasons specified, I hereby respectfully pray that you override the District Court's decision, rule that venue is proper in the Western District of Arkansas, and remand the case back to the district court for further proceedings, compliant with this ruling.

It is so requested, on this 17th day of December, 2010.

Sincerely,

David Stebbins

*David Stebbins*

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 2 1 2010

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

# Motion and Affidavit for Permission to Appeal In Forma Pauperis

David Stebbins

v.

Full Sail University

Appeal No. ________________
District Court or Agency No. ________________

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)<br>Signed: David Stebbins | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.<br>Date: Dec. 17, 2010 |

**My issues on appeal are:**

The district judge erred in transferring the case to the Middle District of Florida, despite venue being proper in the Western District of Arkansas.

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| **Income source** | **Average monthly amount during the past 12 months** | | **Amount expected next month** | |
|---|---|---|---|---|
| | **You** | **Spouse** | **You** | **Spouse** |
| Employment | $ 0 | $ | $ 0 | $ |
| Self-employment | $ 0 | $ | $ 0 | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ 0 | $ |
| Interest and dividends | $ 0 | $ | $ 0 | $ |
| Gifts | $ 0 | $ | $ 0 | $ |
| Alimony | $ 0 | $ | $ 0 | $ |

| | | | | |
|---|---|---|---|---|
| Child support | $ 0 | $ ____ | $ 0 | $ ____ |
| Retirement (such as social security, pensions, annuities, insurance | $ ____ | $ ____ | $ 0 | $ ____ |
| Disability (such as social security, insurance payments) | $ ____ | $ ____ | $ 674 | $ ____ |
| Unemployment payments | $ ____ | $ ____ | $ ____ | $ ____ |
| Public-assistance (such as welfare) | $ 158 | $ ____ | $ 158 | $ ____ |
| Other (specify): ____ | $ ____ | $ ____ | $ ____ | $ ____ |
| **Total monthly income:** | $ 832 | $ ____ | $ 832 | $ ____ |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| See enclosed page | See enclosed page | See enclosed page | See enclosed page |
| See enclosed page | See enclosed page | See enclosed page | See enclosed page |
| See enclosed page | See enclosed page | See enclosed page | See enclosed page |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4. How much cash do you and your spouse have? $ _____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| First Federal Bank | Checking | $ 154.64 | $ ____ |
| | | $ ____ | $ ____ |
| | | $ ____ | $ ____ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

-2-

| Home | (Value) | Other real estate | (Value) | Motor vehicle #1 | (Value) |
|---|---|---|---|---|---|
| | | | | Make & year: | 1990 Isuzu |
| | | 0 | | Model: | Pickup |
| | | | | Registration #: | |
| Motor vehicle #2 | (Value) | Other assets | (Value) | Other assets | (Value) |
| Make & year: | | computer, worth less than | | | |
| Model: | | $300 | | | |
| Registration #: | | | | | |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| no debtors | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| no dependants | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 192 | $ |
| Are real-estate taxes included? ☑ Yes  ☐ No | | |
| Is property insurance included? ☑ Yes  ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 25 | $ |
| Home maintenance (repairs and upkeep) | $ 0 | $ |
| Food | $ 252 | $ |
| Clothing | $ 20 | $ |

-3-

| | | |
|---|---|---|
| Laundry and dry-cleaning | $ 0 | $ _____ |
| Medical and dental expenses | $ 0 | $ _____ |
| Transportation (not including motor vehicle payments) | $ 0 | $ _____ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 30 | $ _____ |
| Insurance (not deducted from wages or included in Mortgage payments) | $ 125 | $ _____ |
|     Homeowner's or renter's | $ _____ | $ _____ |
|     Life | $ _____ | $ _____ |
|     Health | $ _____ | $ _____ |
|     Motor Vehicle | $ 125 | $ _____ |
|     Other: _____ | $ _____ | $ _____ |
| Taxes (not deducted from wages or included in Mortgage payments) (specify): sales taxes | $ 12 | $ _____ |
| Installment payments | | |
|     Motor Vehicle | $ 0 | $ _____ |
|     Credit card (name): _____ | $ 0 | $ _____ |
|     Department Store (name): _____ | $ 0 | $ _____ |
|     Other: student loan | $ 29 | $ _____ |
| Alimony, maintenance, and support paid to others | $ 0 | $ _____ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ _____ |
| Other (specify): _____ | $ 0 | $ _____ |
| **Total monthly expenses:** | $ 656 | $ _____ |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?
☑ Yes  ☐ No         If yes, describe on an attached sheet.

10. *Have you paid — or will you be paying — an attorney any money for services in connection with this case, including the completion of this form?*   ☐ Yes   ☑ No

If yes, how much? $ _____

If yes, state the attorney's name, address, and telephone number:

_____

_____

_____

11. *Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?*
☐ Yes   ☑ No

If yes, how much? $ _____

If yes, state the person's name, address, and telephone number:

_____

_____

_____

12. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

Since my poverty is self-explanatory, I will, instead, take this time to explain my answer to question 9. Since I am no longer enrolled in college, my grace period will be exhausted any day now, and my student loan payments will skyrocket.

13. *State the address of your legal residence.*

1407 N Spring Rd, APT #5

Harrison, AR 72601

Your daytime phone number: ( 870 ) 204-6024

Your age: 21           Your years of schooling: 15

Your social-security number: 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

-5-

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

vs.                              Civ. No. 10-3090

FULL SAIL UNIVERSITY                                                 DEFENDANTS

### ENCLOSURE IN EXPLANATION OF IFP APPLICATION

Comes now Plaintiff David Stebbins, who respectfully submits the following explanation.

When asked for my employment history, I was not given enough space to provided the information requested. I will provide this information, now.

| Employer | Address | Dates of employment | Gross monthly income |
|---|---|---|---|
| Reliable Heat & Air, LLC | 584 Animal Safari Rd Branson, MO 65616 | May 26, 2009 to June 1, 2009 | $800* |
| Wendy's | 917 HWY 62 65 N 65, Harrison, AR 72601 | June 2008 to July 2008 | $500* |
| Mullin's Library | 365 N McIlroy Ave. Fayetteville, AR 72701 | August 2007 to December 2007 | $375.00 |
| Sonic Drive-In | 528 N Main St. Harrison, AR 72601 | June 2006 to November 2006 | $300.00 |

Thank you, and please update my case, promptly.

Sincerely,

David Stebbins

DEC 21 2010  17

# NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case)

United States District Court - Western District of Arkansas - Harrison Division

Civil Case no. 3:10CV3090;    David Stebbins v. Full Sail University

| | | | |
|---|---|---|---|
| Financial Status: Fee Paid? | Yes ___ | No _X_ |
| If NO, has IFP been granted? | Yes _X_ | No ___ |
| Is there a pending motion for IFP? | Yes ___ | No _X_ |
| Are there any other post - judgment motions? | Yes ___ | No _X_ |

Please identify the court reporter.

If no court reporter, please check  _X_

Name  _____

Address _____

_____  Telephone Number _____

**Criminal cases only:**

Is the defendant incarcerated?    Yes _____    No _____

Please list all other defendants in this case, if there were multiple defendants.

_____

**Special Comments**:  _____

_____