# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1945
_____

| | | |
|---|---|---|
| David A. Stebbins, | * | Appeals from the United States |
| | * | District Court for the Western |
| Appellants, | * | District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Full Sail University | * | |
| | * | |
| Appellee. | * | |

## BRIEF IN SUPPORT OF APPEAL ARGUMENT

Comes now Appellant David Stebbins, who respectfully submits the following brief in supportof his appeal argument.

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT............................................................................ 2

--------Basis for District Court's Jurisdiction................................................... 2

--------Basis for Court of Appeals Jurisdiction............................................... 2

--------Timeliness of Appeal............................................................................ 2

Issues Presented for Review............................................................................ 3

Brief Statement of the Case............................................................................ 4

Statement of Facts............................................................................................ 4

Argument Summary......................................................................................... 5

Argument.......................................................................................................... 5

--------Venue is Proper in the Western District of Arkansas............................ 5

--------Venue is moot until Full Sail says otherwise........................................ 7

Conclusion and Relief Sought......................................................................... 8

# JURISDICTIONAL STATEMENT

The following is submitted in compliance with Rule 28(a)(4) of the Federal Rules of Appellate Procedure.

## Basis for District Court's Jurisdiction

It is my belief that the United States District Court for the Western District of Arkansas (the District Court) possesses subject-matter jurisdiction over this case because it is one of discrimination in violation of Title III of the Americans with Disabilities Act of 1990, and of Section 504 of the Rehabilitation Act of 1973. This subject matter is clearly visible from the contents of the complaint that I submitted to the district court.

## Basis for Court of Appeals Jurisdiction

It is my humble belief that the United States Court of Appeals for the Eighth Circuit ("the court" or "this court") possesses appellate review in this case. Furthermore, I contend that this appeal is being brought forth as a matter of right. I can cite no specific statutes or cases to verify this claim; I instead pray that the court view the nature of the appeal and of the error that I wish to have corrected, and use its common sense in realizing that the Court of Appeals possesses appellate jurisdiction for this case, the appeal of which is a matter of right, rather than by leave or permission.

## Timeliness of the Appeal

It is my belief that this appeal is being presented timely. When the judge of the District Court (a.k.a. "the District Judge") automatically transferred the case to the Middle District of Florida, that was more than thirty (30) days prior to my filing of the notice of appeal. That much is admitted. However, I moved, on numerous occasions, for the judge to reconsider his decision regarding lack of venue. I do not recall the date in which his final rejection of my motion was issued, but I do recall preparing the notice of appeal, immediately after *receiving* his final rejection, and putting it in the mailbox the next day. This means that, at least up to the point that

I received the notice, my filing of this appeal is within the thirty (30) day time limit.

The only potential grounds on which you could rule that the appeal is untimely is if the thirty (30) day time limit begins when the initial decision is published, rather than after his most recent refusal to revoke the decision. To that end, I assert the continuing violations doctrine, or CVD for short. At the district level, this is a counter-argument to the statute of limitations defense. According to the CVD, every action that is, in and of itself, illegal causes the statute of limitations to reset. As a direct result, I believe that my appeal should be considered "timely," because it was filed less than thirty days after the district judge's most recent failure to correct his own mistake.

Furthermore, in compliance with Rule 28(a)(4)(D) of the Federal Rules of Appellate Procedure, I assert that this appeal is coming from a final district court decision that disposes all of my claims. Of course, you probably already knew that, just by reading the appeal notice; this is merely to observe the formalities.

## ISSUES PRESENTED FOR REVIEW

In compliance with Rule 28(a)(5) of the Federal Rules of Civil Procedure, the following are the issues that I am asking this court to review:

1. Is Full Sail University ("Full Sail") regarded as a corporation for the purposes of establishing proper venue in any federal district that it otherwise establishes proper jurisdiction, per 28 U.S.C. § 1391(c)?

2. Should the Eighth Circuit adopt the Zippo Test as the method of choice for resolving disputes of personal jurisdiction and proper venue in Internet cases?

3. If so, does Full Sail University establish personal jurisdiction in the Western District of Arkansas, per the Zippo Test?

4. Did the District Judge err in its decision that venue was improper in the Western District of Arkansas?

5. If the defendants have not yet raised the absolute defense of "improper venue," does the judge have jurisdiction to rule on it, on his own initiative, without abusing his discretion?

## BRIEF STATEMENT OF THE CASE

The following is submitted in compliance with Rule 28(a)(6) of the Federal Rules of Appellate Procedure.

Starting in the fall semester of 2009, I, appellant David Stebbins, and Plaintiff in the District Court, was attempted to enroll in Full Sail's online education course for video game design. This enrollment process continued all the way to August 2010. It was complicated by the fact that I was simultaneously enrolled in a community college in Harrison, AR called North Arkansas College, or "Northark," for short.

In the month of January 2010, I informed Full Sail of a disability that I possess called "Asperger Syndrome," and requested accommodations in accordance with Title III of the Americans with Disabilities Act of 1990 and § 504 of the Rehabilitation Act of 1973. However, when Full Sail waited until the last minute to request documentation for my disability, in the form of medical records, I ended up having to delay my enrollment date another month, which, ultimately, caused an increase in tuition of approximately $3,000. I timely filed suit.

However, the District Judge in this case, without any prompting from Full Sail, or any regard for 28 U.S.C. § 1931(c), or any thought, for that matter, transferred the case to the Middle District of Florida, on a mere whim. I spent the next few months begging him to realize the error of his ways and correct his mistake, but said motions fell upon deaf ears. This appeal ensues.

## STATEMENT OF FACTS

The following is submitted in compliance with Rule 28(a)(7) of the Federal Rules of Civil Procedure.

- Full Sail is wholly owned by a Florida-based Corporation called Full Sail, Inc.

- Full Sail conducts business over the Internet. Specifically, it provides college education services over the Internet.

- Full Sail charges upwards of $54,000 for its bachelor's degree in video game design.

- Along with the education itself, Full Sail requires students to purchase laptops valued at over $2,500, on the grounds that such sophisticated technology is necessary for the completion of many key assignments in the program.

- Full Sail has not yet raised the absolute defense of "improper venue." Instead, the District Judge acted on his own initiative.

### ARGUMENT SUMMARY

In compliance with Rule 28(a)(8) of the Federal Rules of Appellate Procedure, I hereby contend the following as the thesis for this appeal brief: The District Judge erred in ruling that venue was improper in the Western District of Arkansas, because A) it is, indeed, proper, and B) it is the defendant's responsibility to raise the defense, in the first place, meaning that the District Judge abused his discretion in ruling on it on his own initiative.

### ARGUMENT

In compliance with Rule 28(a)(9) of the Federal Rules of Appellate Procedure, I hereby contend the following argument:

#### Venue is proper in the Western District of Arkansas.

Venue is proper in the Western District of Arkansas because Full Sail is wholly owned by a corporation, headquartered in Florida, called Full Sail, Inc. Venue is typically proper in the federal district where A) the action was committed, or B) where the defendant resides. See 28 U.S.C. § 1391. However, for the purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." See 28 U.S.C. § 1391(c).

This unambiguous statute clearly states that, to decide whether or not venue is proper, we must decide whether or not personal jurisdiction is proper. These two concepts, when a corporation is the defendant, are one in the same, much like the definitions of "lawyer," and "attorney."

The question of personal jurisdiction is typically determined by the doctrine of "minimum contacts," which states that, absent any choice of law clause in a contract, personal jurisdiction is established in a district other than that of the defendant's residence if any material portion of the tort was committed in the Plaintiff's turf, rather than the Defendant's. For example, a mail-order catalog company will typically establish minimum contacts in any jurisdiction that its customers reside in, absent any choice of law clause, whereas, if a person who lives in Arkansas purchases a defective product in Branson, MO, minimum contacts is not established in Arkansas because no material portion of the transaction occurred in Arkansas.

The doctrine of minimum contacts is complicated by the fact that this is an Internet case (a case involving illegal activity that takes place over the Internet). Fortunately, the United States District Court for the District of Pennsylvania has created a solution called the "Zippo Test."

In the original opinion in the case of *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, the United States District Court for the District of Pennsylvania noted the sliding scale:

> "At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."

This court has adopted the Zippo Test as its method of choice for resolving personal

jurisdiction regarding Internet cases. See *Lakin v. Presidential Securities, Inc.* (Case No. 02-2477) and *Johnson v. Arden* (Case No. 09-2601). Therefore, the only question that needs to be asked is, "How much commercial activity is being conducted over the Internet?"

To answer that question, I wish to turn the court's attention to the statement of facts, found earlier in this brief. Full Sail provides college educational services over the Internet. This is a type of commercial activity. Not only that, but they charge enough for these services to purchase a Corvette. If the Zippo Test can establish personal jurisdiction in a foreign district when I purchase a piece of toast with the Virgin Mary toasted into it on eBay, it can certainly establish personal jurisdiction in the Western District of Arkansas, here.

Therefore, because personal jurisdiction is established in the Western District of Arkansas, and Full Sail is a corporation, then venue is proper in the Western District of Arkansas.

Since this concerns a legal error, I believe it is proper for this court to review the appeal de novo.

## Venue is moot until Full Sail says otherwise

I assert the following statements of law:

- Improper venue is an absolute defense. See Rule 12(b)(3) of the Federal Rules of Civil Procedure.

- An absolute defense must be raised and proven by the defendants. I have no specific legal authority to cite; rather, I request that the court use its common sense and realize that it is called an absolute *defense* for a reason.

- In order to prove the defense, a defendant must first raise the defense. If a defense is not raised, it is not eligible for consideration. If it is not raised in a timely manner, the defense is deemed to be waived.

Full Sail has not yet raised the absolute defense of "improper venue." Therefore, the

District Judge abused his discretion by simply assuming that venue was improper in the Western District of Arkansas.

Since this concerns a legal error, I believe it is proper for this court to review the appeal de novo.

**Conclusion and Relief Sought**

Wherefore, I respectfully pray that you reverse the District Court's ruling that venue is improper in the Western District of Arkansas, and rule that it is the burden of Full Sail to prove improper venue, not my burden to prove proper venue, and remand the case back to the District Court for further proceedings compliant with this ruling. Furthermore, I respectfully pray that you emphasize to the District Judge that Full Sail must actually *prove* improper venue. They may not simply claim it, and then, the District Judge may immediately dismiss the case, again. To do so would constitute another abuse of discretion. To successfully use the absolute defense of improper venue, Full Sail must prove that A) they are not a corporation for the purposes of 28 U.S.C. § 1391(c), or B) They do not conduct enough commercial activity over the Internet to establish personal jurisdiction, or C) I signed an agreement to settle all legal disputes in a court of competent jurisdiction in Orlando, FL. They only need to prove one of those things, but they must actually prove it, rather than simply stating it, and expecting the District Judge to, once again, rule on a whim.

Thank you, and please correct this error promptly.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com